NATIONAL CASUALTY COMPANY *v*. BIRT.

[No. 15,669. Filed December 16, 1937.]

*J. H. & A. L. Aiken,* for appellant.

*Lloyd S. Hartzler,* for appellee.

KIME, J.—This action was tried on an amended complaint in one paragraph, founded on an accident insurance policy, to recover for the alleged loss of the left foot by severance above the ankle joint. The answer was a general denial and trial was by the court, who, after an offer by the appellant to allow judgment in the sum of $130.00, interest and costs, found for the appellee in the sum of $795.00 and rendered judgment in that amount.

A motion for a new trial on the grounds that the decision was not sustained by sufficient evidence; that it was contrary to law; that the assessment of the amount of recovery was too large; that the court erred in overruling the appellant's objections to two questions; and error in refusing to strike out the answer to one of

these questions, was overruled and this ruling is assigned as error.

The policy so far as it is material to this decision provided as follows: "This Policy Provides Indemnity for Loss of Life, Limb, Limbs, Sight, or Time Caused by Accidental Means, to the Extent Herein Provided.

## NATIONAL CASUALTY COMPANY
### DETROIT, MICHIGAN
(Hereinafter called the Company)

Does Hereby Insure

Wesley H. Birt, aged 46, of Ft. Wayne, Ind.

(Hereinafter referred to as Insured)

against death or disability resulting directly and independently of all other causes, from bodily injuries sustained through External, Violent and Accidental Means (subject to all limitations and conditions herein contained), for a Term of one year beginning at Noon, Standard Time on the day this policy is dated, as follows:

### Part I.

*If the Insured shall, during the term of One Year* from the beginning *of the insurance* covering such Insured, as provided herein, by the wrecking of any railroad Passenger Car or Passenger Steamship or Steamboat, in or on which such insured is traveling as a fare-paying passenger, or by the wrecking of any public omnibus, Street Railway Car, Taxicab, or Automobile Stage, which is being driven or operated, at the time of such wrecking, by a licensed driver plying for public hire, and in which Insured is traveling as a fare-paying passenger; or by the wrecking of any private horse-drawn vehicle or private motor-driven car, motorcycle bicycle (not including vehicles, automobiles, motorcycle, or bicycles used for any business purpose) in which In-

sured is riding or driving, *suffer any of the specific losses set forth below* in this Part I, *The Company Will Pay the sum set opposite such loss;*

|  | (Col. 1)<br>Amt. Payable<br>1st Year | (Col. 2)<br>Annual<br>Increase | (Col. 3)<br>Amt. Payable<br>After 5 Yrs. |
|---|---|---|---|
| For Loss of: |  |  |  |
| Life | $1,000.00 | $100.00 | $1,500.00 |
| Both hands | 1,000.00 | 100.00 | 1,500.00 |
| Both feet | 1,000.00 | 100.00 | 1,500.00 |
| Sight of both eyes | 1,000.00 | 100.00 | 1,500.00 |
| One hand and one foot | 1,000.00 | 100.00 | 1,500.00 |
| One hand and sight of one eye | 1,000.00 | 100.00 | 1,500.00 |
| One foot and sight of one eye | 1,000.00 | 100.00 | 1,500.00 |
| Either hand | 500.00 | 50.00 | 750.00 |
| *Either foot* | 500.00 | 50.00 | *750.00* |

. . .

"*In every case referred to in this Policy,* the *loss of any member* or members *shall mean loss by severence at or above the ankle* or wrist joints; and the loss of sight of eye or eyes shall mean the total and irrecoverable loss of the entire sight thereof.

"*Not more than one of the indemnities specified* in Parts I or II *shall be payable as the result of any one accident. . . .*

"If the Insured shall during the term of One Year from the beginning of the insurance covering such Insured, as provided herein, by the means and under the conditions recited in Part I, or Part II, be immediately and wholly disabled and prevented by injuries so received, from performing any and every duty pertaining to his or her usual business or occupation, The Company Will Pay for a period not exceeding three (3) consecu-

tive months, Accident Indemnity at the Rate of Ten Dollars ($10.00) per week. . . .

"6. *No indemnity will be paid for death,* or *loss of limb* or *eyesight* caused by any other means or *under any other conditions than those set forth in Parts I and II,* or which death or loss does not occur within thirty (30) days from the date of accident. No indemnity will be paid for disability caused by any other means or under any other conditions than those set forth in Part III or which disability does not occur within five (5) days after the accident causing such disability.

"7. The insurance hereby provided is limited to one only of any of the indemnities herein provided under Parts I or II or III, as the disability or loss may determine. *In event of specific loss, no indemnity shall be paid for loss of time."* (All the italics are ours.)

This policy was sold to subscribers of a newspaper for one dollar yearly premium. A solicitor called on the appellee, ascertained that he was a subscriber of the paper and not a policy holder of the appellant. Appellee told the solicitor that he was of the opinion that appellant would not issue him a policy because he had a limb off and wore an artificial limb. The solicitor informed the appellee that he did not believe that would make any difference. The appellee paid a dollar, received a receipt and shortly thereafter the policy in question here was mailed to him.

On May 8, 1934, while the policy was in force the appellee suffered an injury as the result of an automobile accident within the contemplation of the policy. As a result of that injury a portion of the remaining portion of the left leg was amputated. In other words as a result of this particular accident he lost that portion of his left leg from half-way between his knee and former ankle to mid-thigh or five inches above the knee. It is

for the loss of this portion of the leg that appellee seeks recovery.

The appellee contends that the insurer with the knowledge of the prior loss of the insured's left foot was deemed to have insured the left limb.

The appellant contends that by the terms of the policy the appellee is entitled only to ten dollars a week for three months plus interest and that there is no liability for the loss of that portion of the appellee's leg which was amputated during the life of the policy.

The policy provided indemnity for loss of "limb . . . to the extent herein provided. . . The insured shall . . . during the term . . . of the insurance . . . suffer any of the specific losses set forth" in the sum set opposite such loss. Opposite the designation "Either foot" the amount payable after the fifth year was the sum of "$750.00." There was then a provision defining what was meant by "loss." So far as applicable here it was *"In EVERY case referred to in this POLICY, the loss of any member or members shall mean loss by severance at or above the ankle or wrist joints."* This is probably the crucial clause of the policy. The inquiry then is what is its meaning? Our interpretation is that the word "member" as here used can refer but to those members that have been referred to prior thereto in the policy. The only "members" mentioned before as applicable here are "hands" and "feet." Using this interpretation and giving to the language its plain and ordinary meaning it is apparent that the contract provided that loss should mean the loss of any member theretofore mentioned namely hands or feet (because they are the only ones referred to in the policy) at or above the ankle or wrist joints. Any other interpretation would necessitate using words in other than their plain and ordinary meaning.

As a further indication that the parties did not con-

template that the prior amputation was to be considered a loss may we call attention to that portion of the policy which provided that "No indemnity will be paid for . . . loss or limb . . . caused by any other means or under any other conditions than those set forth in Parts I and II or which . . . loss does not occur within thirty (30) days from the date of accident." The loss of the foot had occurred more than twenty-five years before the accident covered by the policy.

The decision was not sustained by sufficient evidence and it was contrary to law. The questions as to the evidence need not be decided in view of this result.

The appellee is entitled to judgment under that portion of the policy providing for total disability for the stated period. The judgment is reversed with instructions that the trial court enter judgment in favor of the appellee in conformity to this opinion.