## Sayre v. The Western & Southern Life Insurance Company

*Peter G. Schaaf* and *Gifford, Graham, MacDonald & Illig*, for plaintiff.

*Bernard Quinn* and *Quinn, Leemhuis, Plate & Dwyer*, for defendant.

LAUB, J., May 28, 1963—As a result of personal injuries sustained by the minor plaintiff, his right hip was surgically fused and, as pleaded in the complaint, "thereby completely and permanently depriving said minor plaintiff of the use of this member of his body". Suit was brought to recover on a policy of insurance which plaintiffs contend covers the minor plaintiff's

plight. Defendant disagrees and has moved for judgment on the pleadings, and this is what we are considering here.

The provisions of the insurance contract establish the right to compensation for injury or sickness according to a fixed schedule. In the schedule, there is provision for loss of a foot but nothing respecting a hip, and this is the basis for defendant's present course of action.

In the eventual disposition of this action the problem will center around the contract's definition of the words "loss of foot." The policy provides:

"Loss of hand or foot means the complete severance of the member at or above the wrist or ankle joint or the complete and permanent loss of use of the member because of paralysis of the member."

Here, of course, no severance of the member has been pleaded, but plaintiffs have argued that the word "member" refers to the entire limb, including the leg and hip, and that, by pleading the fusing of the hip, this necessarily includes a plea that the foot was paralyzed. The complaint does not even mention the word paralysis in context with its description of the minor plaintiff's disability, nor does it mention anything concerning the foot, and this, of course, is not a good pleading with respect to the loss of the foot. It may be that the hip, leg and foot were paralyzed by the fusing, but we cannot read something into the complaint which is not there by express declaration or necessary implication. Judged by any standard, the complaint does not declare a valid cause of action.

It seems important to mention in passing that the word "member" as used in the contract probably refers only to those members that have been referred to prior thereto in the policy. The only members mentioned prior thereto are "hands," "feet" and "eyes," and to read "leg" or "hip" into this category would be to interpret

the word "member" in other than its plain and obvious meaning. See National Casualty Co. v. Birt, 104 Ind. App. 424, 11 N.E. 2d 505. This seems particularly true in view of the final three words of the definition of the words "loss of hand or foot" which concludes with "of the member," indicating that the paralysis which is compensable must be of the particular member included in the class described in the definition, i.e., hand or foot.

We cannot grant judgment on the pleadings without first allowing plaintiffs an opportunity to amend, for, on the facts before us, we cannot say that plaintiffs cannot conceivably amend so as to show a good cause of action.

And now, to wit, May 28, 1963, the rule granted April 15, 1963, to show cause why judgment for defendant should not be entered on the pleadings is made absolute and judgment is entered on the pleadings in favor of defendant, unless plaintiffs amend so as to show a cause of action within 20 days hereof.